# EXHIBIT 2



Contact Us   My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**ROGELIO RIVERO ALEMAN VS A & J GENERAL CONTRACTORS CORP ET AL**

| | | | |
|---|---|---|---|
| Local Case Number: | 2020-011498-CA-01 | Filing Date: | 06/01/2020 |
| State Case Number: | 132020CA011498000001 | Judicial Section: | CA22 |
| Consolidated Case No.: | N/A | Case Type: | Business Transactions |
| Case Status: | OPEN | | |

## 👥 Parties    Total Of Parties: 4

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Rivero Aleman, Rogelio | B#: (Bar Number)174742<br>N: (Attorney Name)Pollock, Brian H | |
| Defendant | A & J GENERAL CONTRACTORS CORP | | |
| Defendant | GUERRERO, MIGUEL A, Sr | | |
| Defendant | GUERRERO, MIGUEL A, Jr | | |

## 🔨 Hearing Details    Total Of Hearings: 0

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

## 📡 Dockets    Total Of Dockets: 4

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 4 | 06/02/2020 | | Receipt: | Event | RECEIPT#:2590114 AMT PAID:$401.00 NAME:POLLOCK, BRIAN H 7300 N KENDALL DR STE 450 MIAMI FL 33156-7823 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.0 |
| 📄 | 3 | 06/01/2020 | | Request for Production | Event | |
| 📄 | 2 | 06/01/2020 | | Complaint | Event | |
| 📄 | 1 | 06/01/2020 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information, however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2020 Clerk of the Courts. All rights reserved.



IN THE ELEVENTH JUDICIAL CIRCUIT COURT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ROGELIO RIVERO ALEMAN,        CIRCUIT CIVIL DIVISION

    Plaintiff,        CASE NO.: 2020-011498-CA-01

vs.

A & J GENERAL CONTRACTORS CORP.,
MIGUEL A. GUERRERO, SR., and
MIGUEL A. GUERRERO, JR.,

    Defendants.
_____/

## **PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT**

Plaintiff, Rogelio Rivero Aleman, through his undersigned counsel and pursuant to Fla. R. Civ. P. 1.280, 1.350 and other applicable rules and laws, requests that Defendants, A & J General Contractors Corp., Miguel A. Guerrero, Sr., and Miguel A. Guerrero, Jr., produce the following documents and materials at the office of the undersigned within 45 days of the service of the Summons and Complaint days:

## **INSTRUCTIONS**

1. All documents are to be produced as they are kept in the ordinary course of business or shall be organized and labeled without permanently marking the item produced so as to correspond with the categories of each numbered request hereof.

2. Each draft, final document, original, reproduction and each signed and unsigned document and every additional copy of such document where such copy contains any commentary, note, notation or other change whatsoever that does not appear in the original or on the copy of the same document produced shall be deemed and considered to constitute a separate document.

3. If any of the documents encompasses by the attached request for production of documents is/are deemed by you to be privileged, furnish all non-privileged documents.

4. If you fail to produce or otherwise withhold from production any documents because you have deemed same to be covered by a privilege, provide the following information for each document withheld:

1

    (a)    The nature of the privilege claimed;
    (b)    The name and capacity of the person(s) who prepared the document;
    (c)    The date, if any, borne on the document;
    (d)    A brief description of its subject matter and physical date;
    (e)    The source of the factual information from which such document was prepared;
    (f)    The name and capacity of all addresses of recipients of the original or copies thereof.

5. When appropriate, the singular form of the word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

## DEFINITIONS

A. All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other person or entity or representative (as defined below) acting or purporting to act on behalf or under its/his/her control.

B. "You", "Your" refers to the Person (as described below) to whom this request is addressed, including his/her/its employees, agents, subcontractors, servants, subsidiaries, parent company, affiliated company and any other person or entity or representative (as defined below) acting or purporting to act on behalf or under its/his/her control.

C. "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units herein, and shall include, but not limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments and the agents, servants and employees of same.

D. "Materials" shall mean all "Documents", "Writings", "Agreements", and "Communications" as those terms are defined herein.

E. "Document(s)" or "Writing(s)" shall be deemed to be every record of every type, and is used in the broadest sense and includes any medium upon which intelligence or information can be recorded and further includes, but is not limited to all originals, nonidentical copies and drafts of the following items whether printed, handwritten, typed recorded or stored on any electromagnetic storage device, or reproduced by hand, including without limitation correspondence, memoranda, invoices, receipts, records, ledger cards or other account records, vouchers, checks, shoporders, diary, calendar instruction, summaries of personal conversations or interviews, minutes or records of meetings or conferences, transcripts, opinions or reports of consultants, projections, drafts, contract agreements, confirmations, statistical statements, studies telegrams, telexes, books, note reports, logs, diaries, tape recordings, video cassettes and date compilations from information can be obtained, charts, photographs, notebooks, drawings, plans,

printed material of any kind, charts and interoffice communications, and any other writing of whatever description, including but not limited to any information contained in any computer or represented by a computer program, signed or unsigned, regardless of whether approved, signed sent, received, redrafted or executed, study, work paper, handwritten, tape, photograph, microfilm, data sheet, date processing card, or any other written, recorded, transcribed, punched, taped filmed, or graphic matter, however produced or reproduced.

  F.  "Agreement" shall mean all agreements, contracts, undertakings or other arrangements, whether oral, written, non-final, enforceable, superseded or modified by subsequent agreements.

  G.  "Communication" means any oral or written statement, dialog, colloquy, discussion or conversation and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfers of data from one location to another by electronic or similar means.

  H.  "Representative" means any and all agents, employees, servants, officers, directors, attorneys or other persons acting or purporting to act on behalf of the person, corporation or entity in question.

  I.  "Evidencing" means having a tendency to show, prove or disprove.

  J.  "With Respect to Documents" the term "identify" means I) state the author or writer thereof and the parties thereto; ii) state its title and identifying date; iii) state the date of the document or if no date, state the exact nature and substance thereof; iv) identify each person having possession, care, custody or control of the original and copies therefor; and v) if such document was, but no longer is in your possession or subject to your control, state what disposition was made of it and who is in control of same.

  K.  With Respect To "Person" the term "Identify" means: I) state the person as defined in Definition "C"; ii) state the person's business address; iii) state the person's residence address; iv) state the person's business telephone number; and v) state the person's residential telephone number.

  L.  "Employment" shall include not only full time salaried retention but also the performance of services of any type, whether compensated or not, including, but not limited to, formal or informal advisory and consulting services.

  M.  The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring the scope of these interrogatories any answer that might be deemed outside their scope by other construction.

  N.  "Control" means in your possession, custody or control or under your direction and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation and any other person purporting to act on your behalf.

7300 N. Kendall Drive, Suite 4450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

O.    "Relate to" or "Relating to" shall mean directly or indirectly, refer to reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically or factually be connected with the matter discussed.

P.    "Ownership Interest" shall mean an interest whether owned or possessed, vested or contingent, and whether title is held legally in your name, spouse's name or children's name, or parent, subsidiary or other related company and shall include beneficial interest or interest held through any trust in your family's or business entity's name.

Q.    "Including" shall mean including but not limited to.

R.    "Defendants" shall mean the above-named Defendants in this action.

S.    "Plaintiff" shall mean the above-named Plaintiff in this action.

## PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION

1) All personnel files you maintained for Plaintiff, including all documents executed and/or provided to him from interviewing, applying, hiring, up through today.

2) All documents concerning monies paid, advanced, loaned, or otherwise provided to Plaintiff during the three years prior to the filing of the Complaint in this action.

3) All documents provided by/for Defendants to Plaintiff concerning his working for Defendant from January 1, 2014 to the present.

4) All receipts relating to cash payments made to Plaintiff by or for Defendants from January 1, 2014 to the present.

5) All time sheets and time records used to determine and/or document the days, hours, and times that Plaintiff worked for Defendants from January 1, 2014 to the present.

6) All correspondence, written statements, notes of conversations, memoranda, and other documents concerning oral or written communications between you and Plaintiff from January 1, 2014 to the present.

7) All documents in your possession, custody, and/or control that were written and/or signed by Plaintiff regarding any issue in this lawsuit.

8) All documents reflecting the job performance of Plaintiff from January 1, 2014 to the present.

9) Every form W-4, 1099, W-2, W-4, I-9, application, written work agreement, written pay agreement, written disclosure statement, and other employment-related document concerning Plaintiff.

10) All documents that Defendants sent to or received from the U.S. Department of Labor ("USDOL") for the period during the past five (5) years.

11) All documents that explain the meaning of any codes, shorthand, untitled columns of data fields, or other data presentation conventions used in the documents that Defendant produced in this litigation.

12) All documents concerning investigations of Defendants by the U.S. Department of Labor, any state employment service, or any other agency of state, federal, or local government, concerning compliance with laws concerning the payment of wages to employees past 3 years.

13) If you or your agents or employers have made a settlement, deal, agreement, or arrangement of any kind with a person or party of their attorney, including an insurance policy, concerning or that would apply to this case (including the resolution of any claim brought against you pursuant to the Fair Labor Standards Act), please produce a copy of such settlement, deal, agreement, or arrangement. This request includes, but is not limited to, an arrangement to indemnify another party or to pay any attorney's fees or expenses of any party, and also an arrangement for another person or entity to indemnify you or pay any of your attorney's fees or expenses.

14) All correspondence or other communications and documents whatsoever exchanged between you and each person whom you may call as an expert witness.

15) All documents that have been made or prepared by an expert whom you may call to testify as a witness in this case.

16) All documents that state the subject matter on which any expert witness whom you expect to call at trial is expected to testify, that have been provided or relied on by any such expert, or that state the substance of the facts or opinions to which the expert is expected to testify or grounds for each opinion.

17) All statements that were signed or recorded by parties and witnesses and all statements that were offered and refused signature by parties and witnesses.

18) All documents concerning to the business structure of Defendants for the period from January 1, 2014 to the present, including those showing the identity of all persons who own or operate the business and all persons who recruit, solicit, hire, employ, furnish, or evaluate workers for the business, as well as all persons responsible for accounts receivables, accounts payables, and payroll.

19) All documents showing Plaintiff's total earnings for each pay period, the hourly rate or piece rate, the hours of employment which had been offered, the hours Plaintiff actually worked, the deductions made from the wages, and all other documents utilized to determine when Plaintiff started work each day, stopped working for a break, resumed working after a break, and ceased working at the end of each day.

20) Documents identifying each check/payment sent to Plaintiff and the week or weeks each such check was intended to pay for.

21) All documents consulted, reviewed, and/or referenced in connection with your providing answers/responses to Plaintiff's Interrogatories.

22) All documents identified in your disclosures pursuant to Fed. R. Civ. P. 26.

23) All documents identifying and/or describing the job duties of Plaintiff.

24) All employee manuals, handbooks, and all memoranda distributed, made available, signed by, and/or actually provided to Plaintiff from January 2012 to the present.

25) All documents supporting your Answer and Affirmative Defenses to the operative Complaint, or otherwise supporting the contention that you are not liable to Plaintiff as alleged in the operative Complaint in this case.

7300 N. Kendall Drive, Suite 4450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

26) All documents on which Defendants based their belief that Plaintiff was not entitled to overtime wages.

27) All documents on which Defendants contend their defenses that they paid Plaintiff for all hours worked, including all overtime hours worked.

28) Copies of all documents describing the duties that Defendants expected Plaintiff to perform.

29) Copies of all documents, including electronic materials, in which Defendants billed any person or entity for the time expended by Plaintiff from January 1, 2014 to April 20, 2019.

30) All documents and information upon which Defendants relied for their good faith belief that, at all material times they, were acting in compliance with the FLSA, including all documents reflecting the date each such document and /or piece of information was consulted and from where each was received / retrieved.

31) All emails exchanged with Plaintiff from January 1, 2014 to the present.

32) All text messages exchanged with Plaintiff from January 1, 2014 to the present.

33) All documents supporting Defendants' Affirmative Defenses.

34) All policies of insurance that would provide benefits and/or indemnity to Defendants for the claim asserted in the operative Complaint and all reservation of rights letters regarding same.

35) Documents identifying the locations at which Plaintiff performed services on behalf of Defendants from January 1, 2014 to April 20, 2019.

36) All of the Corporate Defendant's bank records, including without limitation bank statements, cancelled checks, etc., from any and all bank the Corporate Defendant

has/had accounts with for during the years 2018, 2019, and 2020.

37) Defendants' 2018, 2019, 2020, and current federal and state tax returns, including all attachments, schedules, and supporting documents for all annual and quarterly reports / filings.

38) A copy of all receipts of whatever kind that reflect the amount of money paid to (or owed to) Defendants by their clients for the years 2018, 2019 and 2020. This request also includes any receipts with respect to money that was received by Defendant(s) and later paid to the state, local or federal government or any subdivision thereof.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on June 1, 2020, and served with the Summons and Complaint in this cause.

> FAIRLAW FIRM
> *Counsel for Plaintiff*
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:   305.230.4884
> Fax:   305.230.4844
>
> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.:_____
Judge: _____

Rogelio Rivero Aleman
Plaintiff
vs.
A & J GENERAL CONTRACTORS CORP., MIGUEL A. GUERRERO Sr, MIGUEL A. GUERRERO Jr
Defendant

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim rounded to the nearest dollar $32,000

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☒ Negligence – other
  - ☐ Business governance
  - ☒ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation
- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
  ☒ Monetary;
  ☒ Non-monetary declaratory or injunctive relief;
  ☒ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:**
  (Specify)

  <u>3</u>

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ Yes
  ☒ No

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☐ No
  ☒ Yes – If "yes" list all related cases by name, case number and court:

  <u>1:19-CV-24956</u>

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ Yes
  ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:  <u>s/ Brian H Pollock</u>
       Attorney or party
FL Bar No.:  <u>174742</u>
       (Bar number, if attorney)
       <u>Brian H Pollock</u>
       (Type or print name)
  Date:  <u>06/01/2020</u>